IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERT CARDENAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01191-MJR |
| | ) |
| STA KELLEY, | ) |
| DR. TARIQ, and | ) |
| LAURIE IROSE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Gilbert Cardenas is, as best the Court can tell from the complaint, a civil detainee housed in Chester Mental Health Center ("CMHC"). Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to a May 2015 physical altercation and his efforts to obtain effective treatment for a resulting knee injury.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective

standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on May 4, 2015, Plaintiff was in a physical altercation with Lamont Greenwood. STA Kelley was nearby, but did not break up the fight, which Plaintiff characterizes as negligence (Doc. 1, p. 4).

Plaintiff's jaw was broken during the altercation, and his knee was injured. Although Plaintiff was taken to an outside hospital for surgery to repair his jaw, his knee pain continues to this day. Plaintiff has specifically sought treatment from Dr. Tariq, but no "adequate treatment" has been given, and Dr. Tariq has not obtained an MRI of Plaintiff's knee (Doc. 1, pp. 4-5).

In an effort to get pain relief, Plaintiff filed a "human rights complaint" and wrote to Human Rights Officer Laurie Irose. Irose and "everyone" delayed their response. An undated letter to Irose is attached to the complaint; the letter indicates Plaintiff sought immediate assistance in securing medical care for his knee injury (Doc. 1-1, p. 1). Irose responded on October 1, 2015, indicating that Plaintiff's letter had been

sent on or around September 20, 2015 (Doc. 1-1, p. 2). Plaintiff's request was characterized as "Resolved/Unfounded" (Doc. 1-1, p. 2).

Plaintiff seeks compensatory damages and affirmative injunctive relief in the form of an MRI or other treatment for knee pain.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: On May 4, 2015, STA Kelley failed to break up a fight between Plaintiff and Lamont Greenwood, in violation of the Due Process Clause of the Fourteenth Amendment;**
>
> **Count 2: Dr. Tariq failed to effectively treat Plaintiff's knee pain, in violation of the Due Process Clause of the Fourteenth Amendment; and**
>
> **Count 3: Human Rights Officer Laurie Irose failed to secure Plaintiff adequate medical care, in violation of the Due Process Clause of the Fourteenth Amendment.**

## Discussion

Plaintiff Cardenas's legal status at CMHC is not entirely clear. Legal status is ultimately determinative of the applicable constitutional principles and standard for liability. *See Currie v. Chhabra,* 728 F.3d 626, 629 (7th Cir. 2013). Nevertheless, because Federal Rule of Civil Procedure 8 only requires "notice" pleading, there is no duty to plead legal theories. *See*, e.g., *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011). The Court perceives that the Fourteenth Amendment will control.

> Claims concerning the conditions of confinement of civil detainees are assessed under the due process clause of the Fourteenth Amendment. *See West v. Schwebke,* 333 F.3d 745, 747–48 (7th Cir. 2003). Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

*McGee v. Adams,* 721 F.3d 474, 480 (7th Cir. 2013). the Due Process Clause of the Fourteenth Amendment is essentially the same as the Eighth Amendment's prohibition against cruel and unusual punishment, which applies to convicted prisoners. *Id.* (regarding civil detainees); *see also Burton v. Downey*, Case No. 14-3591, 2015 WL 5894126, at *5 (7th Cir. Oct. 8, 2015) (regarding pretrial detainees). Consequently, the Court turns to Eighth Amendment case law to further evaluate the sufficiency of the complaint.

Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials can ALSO violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Farmer*, 511 U.S. at 835. Rather, the

corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at. 836–37.

### Count 1

Under the Eighth Amendment—and by extension the Fourteenth Amendment—prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). The complaint describes STA Kelley being in proximity of the fight, but doing nothing. Although the Court perceives a possible claim, because the complaint specifically characterizes Kelley as acting negligently, no constitutional violation has been pleaded. The Constitution does not protect against negligence. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). Count 1 and Defendant Kelley, therefore, will be dismissed without prejudice.

### Count 2

Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment—and the Fourteenth Amendment—when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or

unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Whether Dr. Tariq's alleged failure to offer effective treatment amounts to a mere difference of opinion about the proper course of treatment, negligence, or deliberate indifference cannot be determined based on the complaint alone. However, given that Plaintiff remains in pain after six months, a colorable claim has been stated. Count 2 shall proceed against Dr. Tariq.

**Count 3**

It is alleged that Human Rights Officer Laurie Irose failed to secure effective medical care for Plaintiff. Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v. Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015) (regarding the Eighth Amendment). However, the complaint does not offer any basis for inferring that Irose acted with deliberate indifference. Documentation attached to the complaint indicates she responded to Plaintiff's letter within 11 days (Doc. 1-1, p. 2). Although Plaintiff indicated he was seeking "immediate assistance," he requested only, "an interview with you at your earliest convenience." (Doc. 1-1, p. 1). Although Irose did not grant Plaintiff an interview or other relief, there is nothing from which to infer deliberate indifference. Count 3 and Defendant Irose, therefore, will be dismissed without prejudice.

### Injunctive Relief

Insofar as Count 2 is proceeding against Dr. Tariq and injunctive relief is sought, the Court will *sua sponte* add Leah Hammell, director of CMHC, as a defendant in her official capacity for purposes of securing any injunctive relief that may be ordered.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1 and 3 and Defendants STA KELLEY and LAURIE IROSE are DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2 against Defendant DR. TARIQ shall PROCEED**.

**IT IS FURTHER ORDERED** that **LEAH HAMMELL, director of CMHC, is hereby ADDED as a defendant in her official capacity for purposes of securing any injunctive relief that may be ordered.** The Clerk of Court shall have the record reflect the addition of Hammel as a defendant.

The Clerk of Court shall prepare for Defendants **DR. TARIQ and LEAH HAMMELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the

Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including Plaintiff's motion for counsel (Doc. 3).  Plaintiff's motion for leave to proceed as a pauper will be decided by separate order of the undersigned district judge.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent*

*to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: **November 23, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**