# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERT CARDENAS, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 15-cv-1191-MJR-SCW |
| KELLEY, DR. TARIQ, and LEAH HAMMELL, | ) |
|        Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Plaintiff Gilbert Cardenas brought the current lawsuit for violations of his civil rights while a detainee at the Chester Mental Health Center ("CMHC"). This matter is before the Court on a Motion to Dismiss (Docs. 40, 41) orally raised by defense counsel at the most recent hearing in this matter. For the reasons stated below, the undersigned **RECOMMENDS** that the district judge **GRANT** the Motion to Dismiss.

### BACKGROUND

When Plaintiff first filed suit he was a detainee at CMHC. (Doc. 1, p. 1). On March 13, 2017, the Court appointed attorney Samuel Wendt to represent Plaintiff in this matter. (Doc. 29). Shortly after Mr. Wendt's assignment, Plaintiff told Mr. Wendt that he did not wish for him to represent Plaintiff due to the long distance between Wendt's office and Plaintiff. (Doc. 30, p. 1). Mr. Wendt sought relief from the assignment; however, the undersigned found that relief was not warranted under the Local Rules.

(Docs. 30, 32).

On August 8, 2017, the Court was informed that Plaintiff Cardenas had been moved from CMHC. (Doc. 35). Plaintiff had failed to notify Mr. Wendt of his whereabouts, and Wendt was unable to find and communicate with Plaintiff. (*Id.*). Defense Counsel informed Mr. Wendt and the Court that Plaintiff had been moved to Elgin Mental Health Center ("EMHC"). Mr. Wendt informed the Court that he called EMHC, but they would neither confirm nor deny whether Plaintiff was held there. It was indicated to Mr. Wendt, however, that if Plaintiff was held there, that a message could be relayed. Mr. Wendt told the staff member at EMHC to tell Plaintiff to call him. Mr. Wendt also sent a letter to Plaintiff at EMHC asking Plaintiff to contact him and warning Plaintiff that his suit could be dismissed. The letter was sent via certified mail and was signed for by someone at EMHC. Mr. Wendt has heard nothing from Plaintiff, however.

## ANALYSIS

Under Rule 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." **FED.R.CIV.P. 41(b)**. A district court should dismiss a suit under Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhauser Co.*, **757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)) (internal quotations omitted)**. In addition, district courts have an inherent power to dismiss suits due to a

plaintiff's failure to prosecute. *Link v. Wabash Railroad Co.*, **370 U.S. 626, 629, 82 S.Ct. 1386, 8L.Ed.2d 734 (1962)**. This power is necessary in order to prevent unnecessary delays in disposing of pending cases and to avoid clogging the district courts' calendars. *Id.* **at 629 – 30.**

Plaintiff appears to have no interest in prosecuting this suit. He has failed to notify his attorney of his whereabouts, and when his attorney attempted to contact him, Plaintiff has failed to return the communication. Though Plaintiff has indicated a desire for different counsel, as a civil litigant, he has no right to counsel in the first place. *Pruitt v. Mote*, **503 F.3d 647, 649 (7th Cir. 2007)**. Plaintiff has been provided with a competent attorney who has made a good faith effort to not only litigate Plaintiff's case, but also to attempt to make contact with Plaintiff when Plaintiff would not inform his attorney of his transfer. After having been provided several opportunities, Plaintiff's failure to communicate with his attorney indicates a desire to no longer prosecute this matter. Therefore, this suit should be dismissed.

## Conclusion

For the reasons discussed, the undersigned **RECOMMENDS** that the district judge **GRANT** Defendants' Motion to Dismiss (Doc. 41). Due to Plaintiff's detention in a mental health facility, and the circumstances leading to this recommended disposition, the undersigned **RECOMMENDS** that the dismissal be made **without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to

file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **October 2, 2017**.

    **IT IS SO ORDERED**.
    DATED: 9/13/2017

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge